UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61607-CIV-ZLOCH

INTERMARINE, INC.,

    Plaintiff,

and                                       **O R D E R**

BANK OF AMERICA, N.A.,

    Intervening Plaintiff,

vs.

THOMAS BAKER, in personam,
LINDA BAKER, in personam,
SUN BENGAL, O/N 1117103,
all her rigging, tackle,
apparel, furniture, engines,
nets, fishing gear, and
all other necessaries
thereunto appertaining and
belonging, in rem,

    Defendants.

_____/

    THIS MATTER is before the Court upon Plaintiff Intermarine's Motion For Summary Judgment (DE 27). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause with the filing of a Complaint (DE 1), in which it alleges Defendants Thomas and Linda Baker (hereinafter "the Bakers"), in personam, breached a maritime contract for the repair of the Sun Bengal, the vessel against which this action proceeds in rem. On October 24, 2004, the Bakers entered into a contract with Intermarine, Inc. for repairs to the

Sun Bengal.  On September 16, 2006, a sea trial of the Sun Bengal was performed to assess whether the vessel performed properly after having been serviced.  At this time, Intermarine demanded payment in the amount of $29,577.44 for services rendered, and Intermarine alleges that the Bakers have refused to make any payments.  The essence of the dispute is whether Intermarine properly serviced the Sun Bengal.  While Plaintiff alleges that the vessel was properly serviced, Defendant denies, in multiple respects, that the work was satisfactorily completed.  See Affidavit of Thomas Baker, DE 37.

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).  The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quotation omitted).  Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  Only when that burden has been met does the burden shift to the non-moving party to

      demonstrate that there is indeed a material issue of fact that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987). Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The Court finds that there exist several material facts in dispute that preclude the entry of summary judgment, including but not limited to Defendant's allegation that he observed rust on the engines and corrosion on the outdrives and that the engines were smoking during a sea trial in September of 2006.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Intermarine's Motion For Summary Judgment (DE 27) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    10th    day of September, 2008.

                                    /s/ William J. Zloch
                                    WILLIAM J. ZLOCH
                                    United States District Judge

Copies furnished:
All Counsel of Record